# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| MARIO PENDERGRASS #154095, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 1:19-cv-00072<br>)<br>) JUDGE CAMPBELL |
| TONY PARKER, et al., | )<br>) |
| Defendants | ) |

## MEMORANDUM AND ORDER

Plaintiff Mario Pendergrass, a state inmate confined in the Morgan County Correctional Complex, filed a pro se complaint pursuant to 42 U.S.C. § 1983 for a violation of his civil rights alleged to have occurred during a 2018 stay in the South Central Correctional Facility in Clifton, Tennessee. (Doc. No. 1.) The matter is before the Court for a ruling on the plaintiff's application to proceed in forma pauperis ("IFP") and his motion to appoint counsel. (Doc. Nos. 2–4.) In addition, the complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.  APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the Court **GRANTS** his motion (Doc. Nos. 2, 3) to proceed IFP in this matter.

However, under Section 1915(b), Plaintiff nonetheless remains responsible for paying the

full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this Court as required by this Order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Morgan County Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If

Plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. INITIAL REVIEW

### A. Standard

28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a § 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.     Plaintiff's Allegations**

Plaintiff alleges that September 1–8, 2018, while he was locked in segregation and "vulnerable and depending on defendant [correctional officer] Philip Dolaway to provide the daily meal," Dolaway withheld food from Plaintiff and several other inmates to "control, discipline, degrade, demean, belittle, and victimize" them. (Doc. No. 1 at 9, 25–26.) He claims that this 8-day deprivation of food constituted cruel and unusual treatment in violation of his rights under the Eighth Amendment to the United States Constitution. (*Id.* at 9, 26–27.) He expressly and repeatedly alleges that Dolaway's actions were "unauthorized" and that Dolaway was "fully aware" that it was unauthorized and not permitted by any TDOC or Core Civic policy.[1] (*Id.* at 9, 11, 13, 18, 25, 28.)

In addition to Dolaway, Plaintiff lists as Defendants to his lawsuit Tennessee Department of Correction (TDOC) Commissioner Tony Parker and several other individuals employed at TDOC or South Central. (*Id.* at 1–7.) He vaguely alleges throughout the complaint that "all parties described herein" or "the defendants mentioned herein" were "fully aware" or "had substantial knowledge of" Dolaway's wrongdoing and failed to respond properly to stop it. (*E.g.*, *id.* at 11, 28.) But he also alleges that Dolaway's behavior "was not sanctioned" by Commissioner Parker, the prison warden, the TDOC liaison, or the contract monitor. (*Id.* at 11.) He repeatedly alleges that the Defendants—other than Dolaway—"failed to assess," "failed to diligently observe," "failed to adequately monitor staff employee's conduct," and failed to "diligently observe the every day happenings at each institution, while monitoring the conduct of staff personal [sic] in making sure that all guid[e]lines, policies, and procedures, are being enforced." (*Id.* at 12–13, 23.) Plaintiff specifically alleges that Commissioner Parker "failed . . .

---

[1] The Court takes judicial notice that Core Civic is a private entity contracted to manage the South Central Correctional Facility.

to remain alert an[d] aware of the every day happenings at each institution." (*Id.* at 20.) The only specific allegation of actual knowledge of Dolaway's conduct on the part of any other Defendant is Plaintiff's allegation that "[t]he parties mentioned herein this complaint was made aware through grievances, and missives." (*Id.* at 12.) Plaintiff alleges the non-Dolaway Defendants are guilty of "negligence." (*Id.* at 29.)

Plaintiff sues all Defendants in their official and individual capacities and seeks compensatory and punitive damages and "any other relief" deemed appropriate. (*Id.* at 39.)

**C.     Analysis**

Prison conditions violate the Eighth Amendment when they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions are sufficiently extreme to constitute cruel and unusual punishment under the Eighth Amendment when they result in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Plaintiff's allegations against Defendant Doloway clearly state a colorable claim against him in his individual capacity under that standard. But having expressly alleged that Doloway's behavior was unauthorized and not permitted by any policy, he fails to state a claim against Doloway in his official capacity as an employee of Core Civic. *See Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that an inmate only states a claim against a corporation performing traditional state functions when he alleges that his injury was caused by an action taken pursuant to some official policy or custom).[2]

---

[2] Alternatively, if Doloway is an employee of TDOC rather than Core Civic, a suit against him in his official capacity is equivalent to a suit against the State of Tennessee, which is absolutely immune from suit under Section 1983. *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) ("[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents."); *Berndt v. Tennessee*, 796 F.2d

5

It appears clear from the complaint that Plaintiff sued the remaining Defendants simply because of their supervisory capacities. However, supervisors are not liable under § 1983 for the actions of their employees. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983). The Sixth Circuit has explained that liability under § 1983 "must be based on more than respondeat superior, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). Although Plaintiff alleges that unspecified Defendants were notified by grievance and "missives" and failed to take sufficiently prompt action to stop Dolaway's wrongdoing, an alleged failure to take corrective action in response to an inmate grievance does not supply the necessary personal involvement for § 1983 liability on any underlying claim. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation...."). Accordingly, Plaintiff fails to state a claim against any Defendant other than Dolaway.

### III. FURTHER PROCEEDINGS

The Court observes that Plaintiff repeatedly denies having filed any previous lawsuits in any court relating to his imprisonment. (Doc. No. 1 at 1, 16.) This Court's records, however, indicate that Plaintiff has brought suit here at least three times before. *See Pendergrass v. Morgan, et al.*, No. 1:00-cv-00150; *Pendergrass v. Ray, et al.*, No. 3:97-cv-01267; *Pendergrass v. Bell*, No. 3:97-cv-00578. Plaintiff is cautioned that by signing any paper he submits to the

---

879, 881 (6th Cir. 1986) (Tennessee has not waived its Eleventh Amendment immunity from § 1983 suits).

Court, he is certifying to the best of his knowledge that it is accurate, and that any further misrepresentations to the Court may result in the imposition of sanctions against him. *See* Fed. R. Civ. P. 11(b) & (c).

The Clerk is **DIRECTED** to **ISSUE PROCESS** to Defendant Dolaway at the address provided in the complaint. All other Defendants to this lawsuit are **DISMISSED**, without prejudice to Plaintiff's ability to file a timely amended complaint alleging facts establishing their personal involvement in the alleged violation of his Eighth Amendment rights.

Plaintiff asks the Court to appoint counsel to represent him in this action. (Doc. No. 4.) An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, the appointment of counsel is a "privilege justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (citations omitted). Because Plaintiff has not established that the complexity of the legal or factual issues involved in this case is beyond his ability to litigate, his motion for appointment of counsel is **DENIED** without prejudice to his ability to seek such appointment if the needs of the case in the future warrant such action.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28

U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE