# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **MARIO PENDERGRASS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 1:19-cv-00072** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE NEWBERN** |
| **TONY PARKER, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

On June 11, 2021, Defendant Philip Dolaway filed a Motion for Summary Judgment. (Doc. No. 39). On June 14, 2021, Magistrate Judge Newbern Ordered that any response in opposition to the Motion must be filed within 28 days of service of the motion, and warned that failure to respond to the motion "may result in a recommendation that the motion be granted or that the action be dismissed for failure to prosecute." (Doc. No. 46 (citing Local Rule 7.01(a)(3)).

On January 14, 2022, the Court Ordered Plaintiff to show cause on or before February 14, 2022, why Defendant's Motion for Summary Judgment (Doc. No. 39) should not be granted or this action dismissed for failure to prosecute. (Doc. No. 48). The Court warned that failure to respond to the Order would result in dismissal of this case for failure to prosecute.

To date, Plaintiff has not responded to the Court's Order to show cause or to the Defendant's Motion for Summary Judgment.

"Federal Rule of Civil Procedure 41(b) confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order

of the Court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008); see also, Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provide that "[c]ivil suits that have been pending for an unreasonable amount of time without any action having been taken by any party may be summarily dismissed … without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." L.R. 41.01(a).

"[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal legal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

The court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. Schafer, 529 F.3d at 737. A dismissal for failure to prosecute under Rule

41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carpenter*, 723 F.3d at 704.

The Court finds the relevant factors weigh in favor of dismissal. With regard to the first factor, it is not clear that Plaintiff's failure to prosecute or respond to the pending motion for summary judgment is due to bad faith. However, the Court does consider such failure to be willful and due to the fault of Plaintiff. The Court has twice ordered Plaintiff to respond to the motion for summary judgment. (Doc. No. 46 (Jun. 14, 2021); Doc. No. 47 (Jan. 14, 2022)). None of these orders has been returned undeliverable. Therefore, the Court assumes Plaintiff is aware of his obligation to respond and has chosen not to do so. This factor weighs in favor of dismissal.

With regard to the second factor, Defendant has invested time and resources to defend the charges against him. Moreover, Defendant has a clear interest in expeditious resolution of this case. Prolonging the motion for summary judgment subjected Defendant to unnecessary delay. This factor also supports dismissal.

The third factor clearly weighs in favor of dismissal. As stated above, Plaintiff has been given two warning and ample time to respond to Defendant's motion.

Finally, given Plaintiff's failure to respond to the Court's order to show cause, the Court finds that lesser sanctions would not be appropriate. Plaintiff has not participated in this case for more than eight months. The Court's interest in sound judicial case and docket management outweighs the public policy interests in the disposition of cases on their merits.

3

In summary, the Court finds all four factors weigh in favor of dismissal. Accordingly, Defendant Philip Dolaway is hereby **DISMISSED** under Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute. Defendant's Motion for Summary Judgment (Doc. No. 39) is **MOOT**.

The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE